IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARIO JONES,

    Plaintiff,

v.

                          No. 1:18-cv-01238-JDB-tmp

CITY OF BOLIVAR, TENNESSEE,
*et al.*,

    Defendants.

___

ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST
DEFENDANT WILLIAMS IN HIS INDIVIDUAL CAPACITY

___

The complaint in this matter was filed on December 5, 2018, by the Plaintiff, Mario Jones, against the Defendants, the City of Bolivar, Tennessee (the "City"); Hardeman County, Tennessee; and Chris Williams, individually and in his official capacity as a City police officer. (Docket Entry ("D.E.") 1.) Summonses were issued on March 12, 2019, including a summons with respect to Williams addressed to the Bolivar Police Department. (D.E. 14.) Attorneys John D. Burleson and Matthew R. Courtner noticed their representation of the City and Williams in his official capacity on April 19, 2019. (D.E. 16-17, *see also* D.E. 31.) In an answer filed on their behalf on May 31, 2019, counsel stated that Williams was no longer employed by the City. (D.E. 28 at PageID 109-10.) On June 3, 2019, the City advised the Court that its counsel could not represent Williams in his individual capacity. (D.E. 29.) Consequently, the City requested an extension of time – until June 17, 2019 – for Williams to file a responsive pleading in his individual capacity. (*Id.*) The motion was granted on June 6, 2019. (D.E. 30.)

In a notice filed June 13, 2019, the City's attorneys brought to the Court's attention that

there was no indication on the docket that Williams had actually been served in his individual capacity. (D.E. 31.) Indeed, Plaintiff's counsel failed to file proof of service for any of the defendants in this matter, even though the local rules of this district require that proof of service in the form of the return of service be filed within seven days after service is effected. LR 4.1(e). Accordingly, in an order entered June 19, 2019, the Court directed Plaintiff's attorney, within seven days, to file proof of service with respect to Williams in his individual capacity. (D.E. 32.) Therein, the Court cautioned counsel that "[f]ailure to timely respond to the Court's directive herein may result in dismissal of the individual capacity claims against Williams." (*Id.* at PageID 131.) To date, no response has been filed and the time for such response has expired.

Rule 4 of the Federal Rules of Civil Procedure requires that a summons be served upon each defendant along with a copy of the complaint. Fed. R. Civ. P. 4(b) & (c)(1). The plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Establishing good cause is the plaintiff's responsibility and necessitates a demonstration of why service was not made within the time constraints." *Bailey v. Ingram*, No. 16-6707, 2017 WL 5644368, at *2 (6th Cir. Aug. 30, 2017) (quoting *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)) (internal alterations & quotation marks omitted).

In failing to respond to the show cause order, the Plaintiff has left the Court to assume that

Williams was not served in his individual capacity and that there is no good cause for Plaintiff's failure to effect service. Thus, there is no basis upon which the Court could grant additional time for service. Dismissal under Rule 4(m) is therefore appropriate.

Moreover, Fed. R. Civ. P. 41(b) permits dismissal of a claim "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Four factors are generally relevant to the Court's consideration under the Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the [claim].

*Hall v. City of Williamsburg*, 768 F. App'x 366, 380 (6th Cir. 2019).

Under the first consideration, a party seeking to avoid dismissal must show his failure to comply with the orders of the court was the result of inability to comply, not willfulness or bad faith. *Atwater v. Bank of N.Y. Mellon Trust Co., N.A.*, 586 F. App'x 222, 222-23 (6th Cir. 2014) (per curiam). No such showing has been made here. As to the second, any prejudice to the Defendants appears to be minimal. *See Shavers v. Bergh,* 516 F. App'x 568, 570 (6th Cir. 2013) (per curiam) ("A defendant is prejudiced by the plaintiff's conduct where the defendant wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide.") Prior notice in accordance with the third factor "is a key consideration when determining whether a district court abuses its discretion in dismissing a [claim] pursuant to Rule 41(b)." *Prime Finish, LLC v. ITW Deltar IPAC*, 608 F. App'x 310, 315 (6th Cir. 2015) (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)) (alterations omitted). Prior notice is present in the instant matter, as the Plaintiff was clearly warned that failure to respond to

the show cause order might result in dismissal of his individual capacity claims against Williams. *See Atwater*, 586 F. App'x at 223 (third factor established where plaintiff was warned in a show cause order that failure to respond would result in dismissal). While courts are not required to always articulate their considerations of lesser sanctions under the fourth factor, *id.*, the undersigned can conceive of no lesser sanction it could impose on the Plaintiff under the circumstances of this case that would move his claims against Williams in his individual capacity forward. The Court's consideration of the foregoing factors, therefore, weighs in favor of dismissal under Rule 41(b). *See Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (per curiam) (district court's dismissal of case upheld where plaintiff ignored court order after being warned a failure to comply risked dismissal of his complaint).

For the reasons articulated herein, the Plaintiff's claims against Williams in his individual capacity are hereby DISMISSED without prejudice.

IT IS SO ORDERED this 1st day of July 2019.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE